[Crim. No. 2802. First Dist., Div. Two. Dec. 5, 1952.]

THE PEOPLE, Respondent, v. ALVIN EUGENE CURLEY et al., Appellants.

Malcolm T. Dungan, Richard S. Haas and Marvin J. Colangelo for Appellants.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellants, Alvin Eugene Curley and Gilbert Snider, were charged by information on five counts for robbery. They were tried by a jury, acquitted as to the first count and found guilty on the remaining four. Appellants filed separate notices of appeal from the order denying their motion for a new trial and from the judgments. Counsel appearing for each defendant did not conduct the trial. Both were assigned by this court to prosecute the appeals.

The robberies upon which the five counts were based were alleged as follows:

First Count: On March 27, 1951, about 10:15 p.m. Mr. Sidney R. Sayre, owner and operator of a drugstore in San Lorenzo, was accosted at his place of business by two men who took approximately $150 in cash, 300 Delauded tablets (a derivative of morphine) and a partially filled can of Hycodan powder. A flashlight later found in the possession of one of the appellants was claimed to be similar to one used by Mr. Sayre in his business, which was missing after the robbery.

Second Count: On April 6, 1951, two men entered the Bal Theatre as it was being closed for the night and robbed the owner, Reme LaMarre of about $500.

Third Count: On April 6, 1951, Ray C. Thome, manager of the Bal Theatre was robbed of $25.

Fourth Count: On April 9, 1951, two men entered the Pioneer Ranch Market in San Leandro and robbed Frank Sunada, an employee, of $2.00.

Fifth Count: April 9, 1951, George Matsumoto, an employee of the Pioneer Ranch Market was robbed of $3.00. On the morning following the robbery the manager of the Pioneer Ranch Market found that the drug department was not in its customary order and subsequently certain cosmetics such as were carried in the drug department were found in the possession of the prosecution witness, Emerick, who explained they had been left with him by appellants.

Appellant Snider bases his appeal on three points:

(1) The circumstances of the custody of appellant by the authorities prior to his being charged with a crime indicate that the detention was contrary to proper official conduct; the confession thereby obtained was involuntary and induced by duress and coercion.

(2) Evidential support for a verdict of guilty was lacking.

(3) The testimony of prosecution witness Roland Leo Emerick was false and improbable.

On his first point appellant states he was held for twenty and one-half hours without any charges being preferred against him, questioned at six different intervals during the day and night and not apprised of his right to counsel. That in order to obtain a confession from him he was told that unless he answered certain questions the wife of his codefendant would be put in jail and their infant baby taken from them. (Although the State denied that there were any threats made to Snider to induce him to make a confession there is

evidence that Mrs. Curley was threatened with arrest, jail and having her baby taken from her and placed in an institution in attempting to get her to reveal what she knew of the robberies, of which she said she knew nothing.) Snider claims that after this threat he answered every question with a simple "yes" but refused to sign the statement which was constructed from these answers. Appellant claims the statement was introduced at the trial, over the objection of appellant's trial counsel, as a voluntary confession.

On the second point it is argued that the only victims of the robberies who attempted to identify the men were Thome and LaMarre and that their identification was not positive and definite. It is also alleged that there was a complete failure of proof of weapons used.

The third argument made by appellant Snider is concerned with the veracity and credibility of the testimony of prosecution witness Roland Leo Emerick. It was pointed out that Emerick was picked up in the first instance on suspicion of having committed the crimes. He owned clothing similar to that described as being worn by the men committing the robberies; the stolen goods were found in his apartment; he was an addict. With such evidence against him, appellant asserts, Emerick had every reason to attempt to shift the crime onto the appellants, to manufacture an alibi and to claim his knowledge of the details of the robberies was obtained from Snider who related them to him. Appellant claims the testimony of Emerick was unworthy of belief and should have been totally disregarded as evidence.

In a separate appeal appellant Curley sets forth the following points in his argument:

(1) Errors relating to the alleged confession of Snider. Appellant contends that the confession was obtained by means of prolonged and repetitious questioning and by threats of reprisals against Mrs. Curley; that the jury was not properly instructed with regard to the use against appellant Curley of Snider's confession to the police or of the alleged confession of Snider to Emerick, the prosecution witness. Furthermore appellant argues that the jury was either confused or misled with regard to the alleged confession to the police or arrived at its verdict by chance or compromise in that it returned an identical verdict as to both defendants but contradictory as to the robberies as to which the evidence was almost precisely the same, i.e., acquittal as to the drugstore robbery but conviction as to the market robbery, though both were included

in the alleged police confession and the evidence was as strong for one as the other.

(2) The wholesale admission of evidence illegally obtained prejudiced appellant Curley and violated federal constitutional rights. Curley's home and automobile and Snider's home were searched without warrant and the property so seized was admitted in evidence over objection.

(3) Errors relating to instructions. Appellant argues the instruction as to the elements necessary to convict him of robbery were vague and did not limit the proof to the allegations in the information; there was a failure to instruct the jury properly as to the effect of evidence relating to possession of stolen property and as to the degree of proof necessary to a conviction.

(4) Misconduct of the prosecutor.

(5) Insufficiency of the evidence to support the verdict.

(6) Substantial and prejudicial errors at the trial resulting in a miscarriage of justice.

## The Curley Appeal

This appellant advances a well reasoned argument tending to show that the confession of his codefendant was procured by undue pressure on the part of the police. The facts upon which he relies are that Snider was held for questioning more than 20 hours during which he was threatened with reprisals against the wife and child of his codefendant. The difficulty with the argument is that the facts are all disputed by witnesses for the State. Particularly it was shown that Snider's confession was taken at about 9 a.m. and that nothing was said or done about Mrs. Curley's probable arrest until sometime that evening. Furthermore there was no relation between Mrs. Curley and Snider and no reason is given how her difficulty with the police could affect Snider or how her probable arrest could have induced Snider to make the confession. In this confession Snider volunteered the information that when he and Curley went to the latter's home after one of the burglaries, Curley's wife was there and was told where the money came from and how they got it. She watched the two divide the money. It was after this information was given the police by Snider that Curley's wife was threatened with arrest as an accessory after the fact. These circumstances lead to this appellant's contention that the admission in evidence of Snider's confession was prejudicial to Curley. The sequence of events disputes

the claim of this appellant that the confession was improperly received in evidence. (*People* v. *Castello,* 194 Cal. 595, 601 [229 P. 855]; *People* v. *Mehaffey,* 32 Cal.2d 535, 548 [197 P.2d 12].)

Then it is argued that the jury was not properly instructed with regard to the use against him of the confession of Snider. The instruction, given during the course of the trial, reads: "Any statements made by one defendant are admissible only against the defendant making the statement. In other words, if this appears to be a statement by the defendant Snider, it is admissible only as against the defendant Snider and not against the defendant Curley." In its general instructions the court advised the jury that the court's ruling admitting the alleged confession in evidence was not binding on the jury but that it should decide independently "whether or not it was a voluntary confession," but, more specifically, that: "During the trial certain evidence was received against only one of the defendants. Such evidence may be considered by you only when considering the case of the defendant in respect to whom that evidence was received, and must not be considered in connection with the case of the other defendant." We find no error here.

The same may be said as to the instructions relating to the testimony of Emerick covering Snider's confession to the witness that he (Snider) and Curley had committed the robbery. In Emerick's possession the police found a large supply of the articles which had been taken from the various stores entered. Also a pinch bar that had been used by one of the defendants in the theatre robbery—the bar having been placed at the back of one of the victims who was told that it was a gun. It was urged by both defendants that Emerick alone had committed the robberies and had involved the defendants through some arrangements with the police which is not made clear. However, both defendants were given full leeway in developing their theories which the jury refused to accept. The jury was properly instructed as to the use of this evidence.

The usual criticism is made of the use by the State of evidence alleged to have been obtained without a search warrant. The difference between the federal rule and the California rule has been frequently discussed but the holding in *People* v. *Mayen,* 188 Cal. 237, 245 [205 P. 435, 24

A.L.R. 1383], that such evidence is admissible has been consistently followed in this state. (See *People* v. *Gonzales*, 20 Cal.2d 165, 168-169 [124 P.2d 44]; *People* v. *Kelley*, 22 Cal. 2d 169, 172 [137 P.2d 1].)

Criticisms of the instructions relating to the elements of robbery, the possession of stolen property, and the necessary degree of proof are without merit.

■ Criticism of the conduct of the district attorney relates to his attempt to impeach his own witness. The witness testified as to the date of a conversation he had had with Curley in which he had loaned the latter a gun. The date seems to have been different from that the witness had previously given the police. The district attorney claimed surprise and endeavored to show it. In this he was stopped by the court. There was no misconduct. The district attorney was right in his effort to produce the testimony and the trial court was wrong in its ruling. The rule applicable to situations of this kind is found in *People* v. *Flores*, 37 Cal.App.2d 282, 286 [99 P.2d 326].

■ The question of the sufficiency of the evidence is not difficult. The two defendants, as charged in the second count, robbed a theatre attendant after closing time in the presence of another attendant. Both of these identified the defendants and testified as to the use of a gun and the crowbar. The latter was jammed into the back of one of the attendants to simulate a dangerous weapon. After the defendants had tied the attendants and placed them on the floor they took about $500 from one and about $25 from the wallet of the other. The third count relates to the latter incident. The testimony of these witnesses is clear and without substantial conflict. The fourth and fifth counts relate to the robbery of two attendants of a Japanese market a few days later. The defendants were identified by the clothing and general appearance, and the evidence of their guilt is clear.

The appellant Snider relies on many of the points raised by his coappellant. He stresses the alleged pressure put on him to induce him to confess. All his testimony on this subject was denied by those who did the questioning. The jury was properly instructed and impliedly found that his testimony was untrue.

■ In addition this appellant argues that the testimony of the State's witness Emerick was false and improbable.

This was simply a question for the jury to decide under the instructions which fully covered all the issues.

Counsel for both appellants have shown much industry on behalf of the appellants but we are unable to find that any of the points raised were prejudicial to a fair trial.

Judgments and orders affirmed.

Goodell, J., and Dooling, J., concurred.